IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: DARREL KALLEMBACH,                                              ORDER

                     Plaintiff.                                                  10-cv-307-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated December 10, 2009, I dismissed cases nos. 09-cv-711-bbc and 09-cv-736-bbc for lack of subject matter jurisdiction because plaintiffs Darrel and Larry Kallembach's pleadings were unintelligible. In a February 19, 2010 order, I noted that these pleadings purported to be notices of removal of cases from the Circuit Court for Grant County, Wisconsin, and I summarily remanded any state cases that were mentioned in plaintiff's incomprehensible pleadings. Since then, plaintiff Darrel Kallembach has continued to file mostly unintelligible documents in each of these cases as well as a notice of removal that has been assigned a new case number, 10-cv-307-bbc. The majority of these documents seem to be plaintiff's continued attempts at removing a series of state cases involving his alleged violations of the City of Platteville, Wisconsin ordinance requiring landlords to obtain a license from a building inspector in order to rent residential property. (The documents filed in cases 09-cv-711-bbc and 09-cv-736-bbc appear to be redundant to those filed in the present case, so I need not address those filings.) As is the court's custom,

1

because plaintiff has not paid the $350 filing fee, I construe his notice of removal as including a request to proceed in forma pauperis. In response to the court's designation of plaintiff as a party seeking to proceed in forma pauperis, plaintiff has filed a motion to correct the docket, arguing that he is not seeking to proceed in forma pauperis because he does not need to pay the $350 filing fee in order to bring this action.

Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332. Also, federal statues permit certain types of criminal cases to be removed, such as cases in which a federal official is charged with a crime, 28 U.S.C. § 1442.

Plaintiff's state ordinance violation cases do not fall under any of these categories, and

2

plaintiff's unintelligible submissions provide no explanation why his cases qualify for removal, as is required under U.S.C. § 1441(a). Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (burden of establishing federal jurisdiction is on party seeking removal). Many of plaintiff's submissions are titled "Mandatory Counterclaim," from which it could be inferred that plaintiff believes that these cases can be removed because of federal counterclaims he wishes to bring. However, a party cannot obtain federal jurisdiction by bringing a counterclaim arising under federal law. Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009). Therefore, he may not remove these cases, so I will remand them.

In addition, I note that plaintiff is incorrect in arguing that he does not need to pay the $350 filing fee for this case. Under 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, *removal* or otherwise, to pay a filing fee of $350 . . . ." (Emphasis added.) In any case, the issue whether plaintiff may proceed in forma pauperis is irrelevant because I have concluded that plaintiff cannot remove these cases. Accordingly, I will deny as moot his motions to proceed in forma pauperis and to correct the docket. Plaintiff remains responsible for submitting the $350 filing fee to the court even though his state cases will be remanded.

Finally, this court cannot waste more time dealing with plaintiff's frivolous attempts at removal. In an effort to avoid further waste of judicial resources, I am directing the clerk

3

of court to route directly to chambers without docketing any further attempts by plaintiff to remove state cases. If I find from my review of the submission that it has the same problems that are detailed in this order, the submission will be placed in a miscellaneous file and given no consideration. However, if it is a proper notice of removal, I will return it to the clerk's office with instructions to open a new file.

## ORDER

IT IS ORDERED that

1. To the extent that plaintiff Darrel Kallembach's submissions in this action refer to any cases that are or were pending in the Circuit Court for Grant County, Wisconsin, those cases are summarily remanded under 28 U.S.C. § 1446(c)(4).

2. Plaintiff's motions to proceed in forma pauperis and to correct the docket, dkt. #11, are DENIED as moot.

3. Plaintiff is restricted from filing future proposed notices of removal, as explained above.

Entered this 1st day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge